No. 479

ARMULEUIS v. KOBLITZ

No. 19082. Supreme Court.

On motion to certify. Dock. April 20, 1925, 3 Abs. 265.

225. CHARGE TO JURY — Failure to charge as requested. Uninvited guest intoxicated.

Paul Koblitz brought the original action in the Cuyahoga Common Pleas against Joseph Armuleuis and two others for alleged assault and battery, jointly committed by the three defendants. Koblitz obtained judgment for $5600 by default, which was thereafter vacated and judgment on a verdict was rendered in favor of Koblitz for $500, against Armuleuis, the two others being absolved from the alleged assault and battery.

Armuleuis had set up, after denial of allegation in Koblitz's petition, the plea of self defense. It was maintained, in evidence, that Koblitz came to Armuleuis' home, uninvited in a state of intoxication with one Dorothea, and discussed the merits and demerits of Bolshevism. The discussion would have ended in fist cuffs, but not for the interference of Armuleuis, who ejected Dorothea and repeatedly requested Koblitz to leave, who refused until at about 9:00 P. M. He was then persuaded to leave and upon being escorted to the door, suddenly turned and grasped Armuleuis by the throat, who, fearful of great bodily harm, shoved Koblitz, who fell down 3 or 4 steps and struck his head on a sharp stone.

Error was prosecuted and the Court of Appeals affirmed the Judgment of the lower court. The case is filed in Supreme Court and Armuleuis contends:

1. Testimony of Koblitz was so inconsistent as not to warrant credence.

2. Common Pleas Court erred in refusing to give a requested charge, but limited issue to Koblitz's claim set forth in his petition entirely eliminating the justification of compelled ejection, set up in the answer.

Attorneys—Hull & Hull for Armuleuis; Jonas Abrams for Koblitz; all of Cleveland.

---

No. 480

WEGMAN v. WEGMAN et

No. 19052. Supreme Court

On motion to certify. Dock. March 30, 1925; 3 Abs. 215.

Note:—The epitomization of the Court of Appeals opinion will be found in 3 Abs. 212.

1271. WILLS—Does partial intestacy exist in Ohio?

997. REAL ESTATE—Devise of, contingent upon devices arriving at certain age in whom does it vest during interim until condition is complied with?

The original action was brought in the Wood Common Pleas by John Wegman gainst Harmon and Alfred Wegman. The case involves the construction of the will of Clamor Wegman who died in 1897 shortly after having executed his will, and by the terms thereof his wife was given a life interest in a certain piece of real estate. Harmon Wegman, a son, was named executor. Another item gave to Alfred and Edward Wegman, his grandsons, the land when they reach the age of 25.

It was claimed by John Wegman who was a son of Clamor that the time elapsing between the time his mother died and when the grandsons became 25 years of age should be considered as a period of intestacy as the land during that interval had not been disposed of. It was alleged that the executor had taken charge of the land in question, and a large amount of rentals had been collected from said land together with oil royalty from it, and since the partial intestacy existed, the rentals and profits from the land, from the time of the widow's death until the time of the grandsons reaching the 25 years of age should go to the children of the testator. It was claimed that the profits and rentals in question had been paid to the grandsons by mistake and it was and now is being held in trust for John Wegman as a son of the testator. Demurrer to the petition was filed and the Common Pleas sustained it. On prosecution of error the Court of Appeals affirmed the judgment of the Common Pleas and John Wegman brings the case to the Supreme Court and contends:

1. That Court of Appeals erred in affirming the judgment of the Common Pleas in sustaining the demurrer.

2. Judgment should have been for him.

Attorneys—Thos. N. Bierly, Toledo, for John; John S. Hoyman, Pemberville, Frank A. Baldwin, Bowling Green, for Harmon.